## Irwin et al. v. New York Life Insurance Company

*G. M. Kevlin,* for plaintiff.

*J. S. Conwell,* for defendant.

ALESSANDRONI, J., March 3, 1947.—This is an action to recover the proceeds of a life insurance policy issued by defendant. The statement of claim avers that on August 7, 1918, defendant issued a policy in the face amount of $5,000 to Robert F. Irwin. On September 14, 1938, defendant and the insured entered into a trust agreement under the terms of which defendant agreed to pay the proceeds of the policy in 180 monthly payments to the insured's wife, if living at the death of the insured, and if the beneficiary died before the 180 payments were made, the balance thereof was to be discounted and paid in a lump sum to plaintiffs, the children of the insured, in equal

shares. This provision for the disposition of the contingent remainder interest further provided that if any of the children of the insured were dead at the time of his wife's death, leaving any issue, then the distribution was to be per stirpes, and if no children nor any issue of such children were alive at the time of the beneficiary's death, then the remaining balance was to be paid to the executors of the estate of the deceased beneficiary. The insured died on December 31, 1945; his wife, the beneficiary, had predeceased him on November 18, 1939. Defendant refused to pay the proceeds of the policy in equal shares to the four children, whereupon this action was instituted.

Defendant contends that the agreement of September 14, 1938, became a nullity by reason of the death of the beneficiary prior to the death of the insured, and that the amount of the policy thereupon became payable to the personal representatives of the insured.

The problem presented concerns the interpretation and the validity of a life insurance trust agreement. The agreement provides that the trust is to be performed in the City of New York, and is to be subject to and governed by the laws of the State of New York. It would appear that the operation and the interpretation of the contract should be governed by the laws of the State of New York, even though settlor and beneficiaries resided in Pennsylvania: Jackman et al. v. Equitable Life Assurance Society of United States, 145 F. (2d) 945. The case of Hart v. New York Life Insurance Company, 59 N. Y. S. (2d) 140, decided by the Supreme Court of New York, and affirmed without opinion by the appellate division, which is relied upon by defendant, is not controlling in the present action. The action in that case was one to reform the policy on the ground of mutual mistake and upon a ground comparable to equitable fraud.

We agree with defendant that the issue must be determined by ascertaining the intention of settlor.

Hirsh's Trust Estate, 334 Pa. 172. In doing this we are guided by the principle that effect must be given to all the terms of the contract by a construction which avoids inconsistency if possible.

The trust agreement partakes of the nature of a testamentary disposition. Settlor designated his wife as primary beneficiary and provided that defendant was to distribute the proceeds of the policy to her, if living at his death, by making 180 monthly payments. It was then provided that if beneficiary died before the 180 monthly payments were made, the remainder was to be paid to the children of the insured as the secondary objects of his bounty. The designation of this class of beneficiaries is similar to that found in wills, and provided that the children of the insured were to receive the proceeds share and share alike, with the survivor or survivors dividing the share of any deceased child, except that any living issue of a deceased child was to receive the share his parent would have received had he survived. Finally, if none of his children or issue of any of them survived his wife, settlor provided that any remaining proceeds were to be paid to the personal representatives of his wife.

The contingent remainder interest in the proceeds of this policy was to vest upon the death of the insured's wife at any time before defendant made payment of the 180 monthly installments. By the terms of this provision, the secondary beneficiaries were entitled to the balance if the insured's wife died at any time before the 180th payment was made, and therefore, it seems evident, they were equally entitled to payment of the proceeds if she died before the first payment was made.

Defendant argues, however, that the last clause of the trust agreement provides: "If said Company accepts this Trust, this Appointment and the Trust shall become null and void (b) if said Beneficiary shall

die before receipt by said Company of due proof of my death". It is contended that since the trust became void upon the happening of this contingency, the entire agreement must be stricken down as if an intestacy occurred and the proceeds paid to the estate of the insured. We cannot agree with this contention. We believe that this provision is consistent with the plan of distribution devised by the settlor, since under that plan, upon the death of the beneficiary, payment of the proceeds of the policy was to be made in a lump sum, and there would be no occasion for the intervention of defendant in its capacity as a trustee. Therefore the trust became null and void as there was no corpus upon which it could operate, but the agreement remained in effect for the purpose of directing distribution of the proceeds of the policy. Such a construction gives effect to all provisions of the trust agreement, and effectuates not only the normal and natural distribution of the fund, but the expressed plan of distribution of settlor. To adopt the construction urged by defendant would result in payment being made to the estate of the insured, even though the settlor had provided that in the absence of all lineal issue, his wife's estate was to be the tertiary beneficiary.

If there are any facts or circumstances which surrounded the parties to the agreement at the time of its execution and which would indicate a contrary construction of this somewhat ambiguous writing, defendant should be entitled to establish those facts and circumstances upon trial. We do not believe, however, that the issue is so clearly defined as to warrant a summary judgment in favor of defendant, but on the contrary are of the opinion that, without the production of evidence, the position of plaintiffs must be sustained.

### Order

Now, to wit, March 3, 1947, defendant's affidavit of defense raising questions of law is dismissed.